**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF CONTINUING ABATEMENT

Appellate case name:     Craig Lynn Beal v. The State of Texas

Appellate case number:    01-12-00896-CR

Trial court case number:  1793757

Trial court:             County Criminal Court at Law No 8 of Harris County

This case was previously abated to determine if appellant was indigent and in need of appointment of counsel. On January 16, 2014, the trial court clerk filed a supplemental record containing handwritten notes regarding an abatement hearing held on November 11, 2013. We are also now in receipt of a reporter's record of the abatement hearing, which, although it appears to be an unedited transcript, indicates Beal was attempting to hire a lawyer. However, no admonishments were given to Beal during that hearing. Beal is now acting pro se.

To date, no brief has been filed. Appellant was not admonished regarding the dangers and disadvantages of proceeding pro se in accordance with our abatement order of October 29, 2014.

Therefore, we must again abate this appeal and remand the case to the trial court for a hearing at which appellant shall be present in person. The court coordinator of the trial court shall set a date for said hearing and notify the parties, including appellant. If appellant is now incarcerated, he may appear by closed video teleconference.[1] We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders on these issues:

1) Whether appellant still wishes to pursue this appeal;
2) Whether appellant is now indigent and entitled to appointed counsel; and, if indigent,
   a. appoint counsel on appeal, and
   b. order the court reporter to file the reporter's record with this Court at no

---

1     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

cost to appellant;

3) If appellant is not indigent:

    a.  whether he has retained an attorney to file a brief, and, if so, obtain the name, address, and telephone number of retained counsel;

    b.  **if appellant has not retained counsel, the trial court shall admonish appellant of the dangers and disadvantages of self-representation**, and

        i.  determine whether appellant is knowingly and intelligently waiving his right to counsel; or,

        ii.  if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f); *Oliver*, 872 S.W.2d at 716; *Minjares*, 577 S.W.2d at 224; *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court no later than 30 days from the date of this order. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. Due to the age of this appeal, appellant's brief will be due 30 days from the date of the abatement hearing, regardless of whether this appeal has been reinstated. The appeal will be considered reinstated upon filing of appellant's brief.

It is so ORDERED.

Judge's signature: /s/ <u>Harvey Brown</u>

        X  Acting individually    ☐  Acting for the Court

Date: December 4, 2014